NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250307-U

NO. 4-25-0307

IN THE APPELLATE COURT

FILED
November 3, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LINDA HERTZ, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| THE CITY OF FAIRBURY, | ) | No. 23LA12 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Vancil and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed an order granting summary judgment to defendant because defendant owed no duty to plaintiff, who fell on a defective sidewalk that was an open and obvious danger.

¶ 2    Plaintiff, Linda Hertz, filed a lawsuit against defendant, the City of Fairbury, seeking damages for personal injuries she sustained when she tripped on a defective sidewalk. The trial court granted summary judgment to defendant because it owed no legal duty to plaintiff. Plaintiff appeals, and we affirm.

¶ 3               I. BACKGROUND

¶ 4    In her complaint, plaintiff alleged that on or about May 7, 2023, she sustained injuries when she tripped on the sidewalk in the 500 block of South Clay Street in Fairbury, Illinois, due to "uneven, cracked and missing pavement." Defendant moved for summary judgment, arguing that it owed no duty to plaintiff because the defective sidewalk was an open and obvious

condition. Plaintiff responded that there was a genuine issue of material fact as to whether the deliberate-encounter exception to the open-and-obvious rule applied. In litigating defendant's motion, the only evidence the parties submitted for the trial court's consideration were photographs of the sidewalk and a transcript of plaintiff's deposition testimony.

¶ 5    The photographs show that the sidewalk in the area where plaintiff fell was in an advanced state of disrepair. In her deposition, plaintiff testified that she had been aware of the condition of this sidewalk for several years, as she lived only a block away, three houses down. She had previously seen that there were cracks, missing areas of concrete, and "even an area where it just trails off and there is no sidewalk."

¶ 6    Plaintiff testified that she was retired and walked her dog in a square or rectangular route every day that took about 15 minutes to complete. This route required her to cross Clay Street toward the end of her walk to return to the side of the street where she lived. Most of the time, plaintiff avoided using the defective sidewalk during her walks. Generally, she did so by crossing Clay Street (not at an intersection) in the vicinity of the defective sidewalk and then walking on the side of the road. Sometimes she crossed Clay Street closer to her home, which was just past an intersection with stop signs. However, a couple times a month, she walked on the defective sidewalk.

¶ 7    According to plaintiff, around 10 a.m. on Sunday, May 7, 2023, she left her home to go on a walk with her dog. It was light outside and the weather was nice. There was increased traffic on Clay Street that morning, perhaps due to a ball game at a school nearby. Toward the end of her walk, plaintiff decided to cross Clay Street at her usual location (outside of an intersection and three houses away from where she lived) so that she would not "have to cross again to go into [her] house." But, contrary to what she usually did, she then chose to go on the sidewalk rather

- 2 -

than walk along the road. There was grass between the street and the sidewalk that plaintiff had to walk over to access the sidewalk. Plaintiff testified that she thought at the time that "it would be easier with [the dog] to be \*\*\* farther away from the traffic that morning."

¶ 8 After walking over only a few sections of concrete, plaintiff stumbled and injured herself when her shoe hit a crack. Plaintiff testified that nothing obstructed her view of the sidewalk or distracted her attention. She "just didn't see" the crack she hit as she was walking. Plaintiff admitted that she "must not have been thinking very good that day to decide to go on that sidewalk," as she knew the sidewalk was not in good condition. She acknowledged that the condition of the sidewalk was obvious if someone was looking.

¶ 9 The trial court granted defendant's motion for summary judgment. The court reasoned that the condition of the sidewalk was open and obvious and there was no genuine issue of material fact as to whether the deliberate-encounter exception applied. Plaintiff timely appealed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, plaintiff does not dispute that the defective sidewalk on which she tripped constituted an open and obvious danger, as the sidewalk admittedly "was in terrible disrepair." Nevertheless, she argues that there is a genuine issue of material fact as to whether defendant owed her a duty of care pursuant to the deliberate-encounter exception to the open-and-obvious rule. According to plaintiff, it was reasonably foreseeable to defendant "that a reasonable person in plaintiff's position would be injured even if that patron appreciated that the sidewalk might be dangerous, because the alternative was to walk on the street in high traffic or use another route that may also have been less favorable or dangerous." Plaintiff maintains the trial court erroneously believed that the deliberate-encounter exception applies only where "a person is compelled to encounter a danger with no other alternative."

¶ 12    Defendant agrees with plaintiff that the defective condition of the sidewalk was an open and obvious danger. However, defendant proposes that the deliberate-encounter exception does not apply, as plaintiff was not conducting employment tasks when she was injured, was not compelled to encounter the defective sidewalk, and had other paths available that would have posed a minor inconvenience to her, at most. For example, defendant suggests that plaintiff could have chosen to walk "the other direction leaving her house, [on] the opposite side of the road, along the side of the road, or at any number of parks or fields." Defendant also asserts that plaintiff "could have avoided the road and the sidewalk by simply walking in the grass between the two."

¶ 13    Summary judgment is warranted where "there is no genuine issue as to any material fact and *** the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2024). "When ruling on a motion for summary judgment, courts consider all of the evidence in the light most favorable to the nonmoving party." *Winters v. MIMG LII Arbors at Eastland, LLC*, 2018 IL App (4th) 170669, ¶ 44. Summary judgment is proper if a plaintiff has failed to establish an element of his or her cause of action. *Winters*, 2018 IL App (4th) 170669, ¶ 44. To that end, "[t]o survive a motion for summary judgment, the plaintiff must present a factual basis that would arguably entitle him to a judgment." *Winters*, 2018 IL App (4th) 170669, ¶ 44. We review an order granting summary judgment *de novo*. *Winters*, 2018 IL App (4th) 170669, ¶ 44.

¶ 14    To maintain her negligence action, plaintiff must ultimately show that defendant owed her a duty, defendant breached that duty, and that such breach proximately caused an injury. *Atchley v. University of Chicago Medical Center*, 2016 IL App (1st) 152481, ¶ 30. Ascertaining whether a duty exists requires a court to determine whether the parties "stood in a relationship such that the law obligates the defendant to conduct itself reasonably for the plaintiff's benefit." *Atchley*, 2016 IL App (1st) 152481, ¶ 32. In making that determination, courts consider four factors:

"(1) the reasonable foreseeability of the claimant's injury; (2) the likelihood of injury; (3) the magnitude of the defendant's burden of guarding against that injury; and (4) the consequences of placing the burden on the defendant." *Atchley*, 2016 IL App (1st) 152481, ¶ 32.

¶ 15 As with other landowners, local public entities owe a common law duty to exercise ordinary care to maintain their property in a reasonably safe condition. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 15. Nevertheless, as a general rule, " 'a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious.' " *Bruns*, 2014 IL 116998, ¶ 16 (quoting *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 44 (2003)). " 'Obvious' means that 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " *Bruns*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)). Depending on the circumstances, sidewalk defects may constitute open and obvious dangers. *Bruns*, 2014 IL 116998, ¶ 17.

¶ 16 "The existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant." *Bruns*, 2014 IL 116998, ¶ 19. Rather, a court must still consider the four traditional factors to determine whether a duty exists. *Bruns*, 2014 IL 116998, ¶ 19. With that said, absent an exception, if a dangerous condition is open and obvious, the first two factors weigh against imposing a duty because "the foreseeability of harm and the likelihood of injury will be slight." *Bruns*, 2014 IL 116998, ¶ 19.

¶ 17 Plaintiff invokes the deliberate-encounter exception to the open-and-obvious rule. That exception applies "when a defendant has reason to expect that a plaintiff will proceed to encounter the known or obvious condition, despite the danger, because to a reasonable person in his position the advantages of doing so would outweigh the apparent risk." *Park v. Northeast*

*Illinois Regional Commuter R.R. Corp.*, 2011 IL App (1st) 101283, ¶ 26. If the facts implicate the deliberate-encounter exception, the first two duty factors will weigh in favor of recognizing a duty, despite the open and obvious nature of the danger. *Winters*, 2018 IL App (4th) 170669, ¶ 56.

¶ 18        "The deliberate encounter exception is usually applied in cases involving some kind of economic compulsion" (*Winters*, 2018 IL App (4th) 170669, ¶ 53), such as where a worker "is forced to choose between facing danger and neglecting his duties" (*Atchley*, 2016 IL App (1st) 152481, ¶ 35). For example, in *Ralls v. Village of Glendale Heights*, 233 Ill. App. 3d 147, 155 (1992), the appellate court determined it was reasonably foreseeable that a foreman at a construction site would choose to traverse a dangerous snow-covered incline rather than take a "longer and inconvenient" path to perform his work duties.

¶ 19        Although "economic compulsion is not a *per se* requirement of the deliberate encounter exception" (*Winters*, 2018 IL App (4th) 170669, ¶ 53), "there nonetheless must be some sort of driving force that will cause a person to encounter the obvious danger" (*Frieden v. Bott*, 2020 IL App (4th) 190232, ¶ 53). For example, in *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 40, 45 (2002), the appellate court determined that there was a genuine issue of material fact as to whether the deliberate-encounter exception applied where a customer encountered dangerous " 'cartnapper' " barriers at a store's sole exit. But see *Hastings v. Exline*, 326 Ill. App. 3d 172, 177 (2001) (determining that the deliberate-encounter exception did not apply where exiting the front door of a residence would have provided the plaintiff with a "reasonable alternative[ ]" to exiting the back door and encountering a known dangerous condition).

¶ 20        In *Winters*, we held that the deliberate-encounter exception did not apply where the plaintiff chose to walk through a large pile of snow when proceeding to a laundry facility at his apartment complex. *Winters*, 2018 IL App (4th) 170669, ¶ 75. We reasoned that (1) the plaintiff

was performing a personal errand rather than encountering this danger as part of his employment or because of economic compulsion, (2) he knew that other paths were available, and (3) time was not of the essence to him. *Winters*, 2018 IL App (4th) 170669, ¶¶ 69, 74, 76. We noted that the alternative paths would have presented "only a minor inconvenience" to the plaintiff compared to the shorter but dangerous path he took through the snow. *Winters*, 2018 IL App (4th) 170669, ¶ 76.

¶ 21    Here, plaintiff concedes that the defective sidewalk on which she tripped was an open and obvious condition. The record justifies plaintiff's concession, as she testified that she was familiar with this defective sidewalk and typically tried to avoid walking on it. However, relying on her testimony that there was increased traffic on Clay Street on the morning of May 7, 2023, plaintiff invokes the deliberate-encounter exception to the open-and-obvious rule.

¶ 22    The record shows that plaintiff, a retiree, was on a Sunday morning walk with her dog when she sustained her injury. Thus, time was not of the essence to plaintiff in returning to her home and she did not experience any economic compulsion to encounter a known dangerous condition. Additionally, the record contains no evidence that any noneconomic force compelled plaintiff to walk on the defective sidewalk. Notably, plaintiff did not testify that she felt compelled by the increased traffic to walk on the defective sidewalk. To the contrary, she acknowledged that she "must not have been thinking very good that day to decide to go on that sidewalk."

¶ 23    Plaintiff asserts on appeal that her only alternative to walking on the defective sidewalk would have been to walk along the busy street, which was also dangerous. However, plaintiff never testified that walking along the busy street was her only other option that morning. In fact, there were other available paths that would have allowed her to avoid walking either along a busy street or on a sidewalk she knew was defective. For example, plaintiff could have crossed Clay Street at or near the intersection closer to her home three houses away, as she testified that

she had sometimes done previously during her daily walks. Or plaintiff could have crossed Clay Street in her usual spot and then walked on the grass next to the defective sidewalk rather than on the sidewalk. To that end, we note that plaintiff testified that she walked over the grass to get to the defective sidewalk. So far as the record shows, the alternatives were safe and would have added no time to plaintiff's walk or caused her any inconvenience. See *Crespo-Fregoso v. City of Chicago*, 2021 IL App (1st) 200972, ¶ 45 ("The deliberate encounter exception does not apply where there is only a minor inconvenience to plaintiff in taking an alternative path and economic compulsion is not an issue."). Under the circumstances, the record contains no evidence implicating the deliberate-encounter exception to the open-and-obvious rule.

¶ 24    Given that the defective condition of the sidewalk was open and obvious and the deliberate-encounter exception does not apply, the first two duty factors, foreseeability and likelihood of injury, weigh against imposing a duty. *Winters*, 2018 IL App (4th) 170669, ¶ 55. Notably, plaintiff does not expressly argue in her brief that the third and fourth factors—the magnitude of the burden of guarding against the injury and the consequences of placing that burden on defendant—weigh in favor of imposing a duty. Thus, plaintiff has forfeited any argument she could have raised with respect to those two factors. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that points not argued in the appellant's brief are forfeited).

¶ 25    Forfeiture aside, and for the sake of completing the duty analysis, we will briefly address the remaining factors. "The third and fourth factors take into account, as a matter of policy, the efficient placement of the burden of avoiding the injury." *Winters*, 2018 IL App (4th) 170669, ¶ 57. In *Bruns*, which involved a plaintiff who tripped on an open and obvious defect on a sidewalk, our supreme court explained:

"As to the third and fourth factors, we observe that the financial or other

burden on the City of repairing this particular stretch of sidewalk, or otherwise protecting pedestrians from the sidewalk defect, is not contained in the record before us. But even if we assume that such burden is not great, the consequences of imposing that burden on the City would go well beyond the instant sidewalk defect. The City has miles of sidewalk to maintain. The imposition of this burden is not justified given the open and obvious nature of the risk involved. [Citation.] Accordingly, we hold that the City had no duty to protect plaintiff from the open and obvious sidewalk defect." *Bruns*, 2014 IL 116998, ¶ 37.

The same logic applies here. The third and fourth factors do not support recognizing a duty to protect plaintiff from the sidewalk she knew was defective.

¶ 26 We hold that under the facts as established by the record in this case, defendant did not owe plaintiff a duty of care. Accordingly, plaintiff cannot prove an element of her cause of action and defendant is entitled to a judgment as a matter of law. The trial court properly granted defendant's motion for summary judgment.

¶ 27 III. CONCLUSION

¶ 28 For the reasons stated, we affirm the trial court's judgment.

¶ 29 Affirmed.