NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 4241627-U

NO. 4-24-1627

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| INGRID GARDNER, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| THE CITY OF LOVES PARK, | ) | No. 17L128 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Lisa Renae Fabiano, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding (1) defendant timely appealed the judgment, (2) the denial of defendant's motion for summary judgment was not reviewable, and (3) defendant was not entitled to a directed verdict or judgment notwithstanding the verdict.

¶ 2    On April 28, 2016, plaintiff, Ingrid Gardner, was injured after she tripped on a broken curb in front of her home in Loves Park, Illinois. Plaintiff filed a negligence claim against defendant, the City of Loves Park, which owned and maintained the curb. Following a trial, a jury returned a verdict in favor of plaintiff. Defendant appeals, arguing the circuit court should have ended the litigation at any dispositive stage in this case—summary judgment, directed verdict, or judgment notwithstanding the verdict (JNOV)—by finding, as a matter of law, defendant owed no duty to plaintiff concerning the broken curb because the deliberate encounter exception to the open and obvious doctrine did not apply. For the reasons that follow, we affirm.

I. BACKGROUND

¶ 4 The following background is limited to those facts necessary for an adequate understanding of the issues presented in this appeal.

¶ 5 In April 2017, plaintiff initiated the instant proceedings against defendant by filing a complaint for negligence. Defendant later answered the complaint, denying the allegations of negligence and raising plaintiff's comparative fault.

¶ 6 In June 2021, defendant filed a motion for summary judgment, arguing it owed no duty to plaintiff concerning the broken curb because it was an open and obvious defect to which the deliberate encounter exception did not apply. Following a hearing, the circuit court denied defendant's motion, concluding, although the broken curb was an open and obvious defect, it could not find the deliberate encounter exception was inapplicable as a matter of law based upon the evidence presented.

¶ 7 In October 2023, the circuit court conducted a jury trial. The evidence showed, on April 28, 2016, plaintiff, who at the time was 79 years old, was injured after she tripped on a broken curb in front of her home. The curb was owned and maintained by defendant. Plaintiff testified the curb was "bad" when she moved into her home in 1999. Between 1999 and 2002, she repeatedly called defendant to address the curb. Around 2003 or 2004, defendant placed asphalt on the curb. The asphalt began deteriorating around 2005 or 2006.

¶ 8 Photographs of the curb's condition at the time plaintiff was injured were admitted into evidence. The photographs include the following:

 

¶ 9        Plaintiff explained she tripped on the broken curb after retrieving her mail from a street-side mailbox. The base of plaintiff's mailbox can be seen in the second photograph above. Plaintiff acknowledged she was aware of the broken curb and intentionally traversed it to obtain her mail and then to return to her home. Plaintiff explained she took the same path each day to her mailbox, down the driveway and through the apron and the curb.

¶ 10       Plaintiff was examined about the path she chose to get her mail on the day she was injured:

> "Q. All right. You—we know that you left your house that day and walked down your driveway. Why did you walk through, then, the apron of your driveway with the broken and cracked asphalt on it?
>
> A. That was for me the only way to get to my mailbox other than the grass.
>
> Q. Why did you walk near [defendant's] broken curb on your way to get the

mail?

      A. I had no other way to go to the mailbox."

When later asked, "Why didn't you just walk through the grass every day to go get your mail on to the curb and come back?" plaintiff testified, "First of all, the grass has little bumps[,] and I didn't want to get my feet wet."

¶ 11      Plaintiff presented expert testimony from a civil highway engineer. The engineer opined (1) the broken curb, which extended across the entire width of the driveway, was a hazard to pedestrians and (2) it was "foreseeable that [plaintiff] would have walked down her driveway across the sidewalk and the apron and then stepped into the street to retrieve her mail." The engineer did not believe there was "a reasonable alternative" path for plaintiff to get her mail. When asked about the possibility of plaintiff walking through the grass, the engineer testified:

> "People like to stay on planar, level surfaces. So it's most logical that she would have either exited her house from the front door through the sidewalk to the driveway or exited through the garage door. In either case, she would have walked down the driveway, not reasonable to continually walk over the grass every day to retrieve mail."

¶ 12      Plaintiff, while testifying, acknowledged she was looking straight ahead, not down at the broken curb, when she tripped. She also acknowledged she did not contact defendant about the broken curb after the initial repair.

¶ 13      At the close of evidence, defendant made an oral motion for a directed verdict, arguing it owed no duty to plaintiff concerning the broken curb because the deliberate encounter exception to the open and obvious doctrine did not apply. Defendant specifically argued the deliberate encounter exception did not apply because plaintiff had an "alternative path[ ]" available

to her through the grass. After considering the arguments, the circuit court denied the motion.

¶ 14    During closing arguments, plaintiff acknowledged she knew the curb was broken but argued "[i]t was the only way she had to get to her mailbox." Plaintiff asserted walking through the grass was not a reasonable alternative path. Plaintiff argued defendant "reasonably could expect that a reasonable person like [her] knowing of the condition would encounter it because the advantage of doing so outweighed the risk." Defendant, in response, did not address plaintiff's argument, except for noting it was her burden to establish her claim.

¶ 15    The jury was instructed plaintiff was required to prove "defendant could reasonably expect that a reasonable person in plaintiff's position, knowing of the condition, would proceed to encounter it because the advantage of doing so outweighs the apparent risk."

¶ 16    Following its deliberations, the jury returned a verdict in favor of plaintiff. It awarded her net damages of $922,227.71 after finding she was 40% at fault for her injuries.

¶ 17    In January 2024, defendant, after receiving an extension of time to file a posttrial motion directed against the judgment, filed a motion with the court. The motion was filed on the day any posttrial motion was due. The motion, which is three pages in length, is titled, "DEFENDANT CITY OF LOVES PARK'S UNOPPOSED MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF." In the introductory and concluding paragraphs of the motion, defendant sought leave to file an oversized posttrial motion. In the body of the motion, defendant acknowledged receiving an extension of time to file a posttrial motion to that day and then stated, "Defendant now moves pursuant to 735 ILCS 5/2-1202 on four alternative forms of relief, the latter two of which are conditional." Defendant then set forth the four alternative requested forms of relief and the reasons therefor. For instance, defendant stated:

"a. The Court should enter either summary judgment or JNOV for

[defendant] because the Court should have granted [defendant's] motions for summary judgment and directed verdict on the basis that [defendant] did not owe [plaintiff] a duty because the deliberate encounter exception to the open and obvious doctrine was inapplicable as a matter of law."

After setting forth the requested forms of relief and the reasons therefor, defendant asserted it had to go over the page limit provided by local court rule "to fully set forth the facts and applicable law." It then cited an attached exhibit, which it characterized as a proposed posttrial motion. Defendant also asserted plaintiff advised she did not oppose its motion.

¶ 18        Later in January 2024, the circuit court granted defendant leave to file an oversized posttrial motion, and defendant's oversized motion was filed. In the motion, defendant developed its arguments for the relief requested in its earlier motion.

¶ 19        In February 2024, plaintiff filed a motion to strike defendant's posttrial motion as untimely, as well as a response to defendant's posttrial motion. As for her motion to strike, plaintiff argued the motion defendant filed on the day any posttrial motion was due did not constitute an appropriate posttrial motion.

¶ 20        In March 2024, the circuit court conducted a hearing on the pending motions. Following arguments, the court denied plaintiff's motion to strike defendant's posttrial motion and then took defendant's posttrial motion under advisement.

¶ 21        In December 2024, the circuit court issued a detailed memorandum opinion and order denying defendant's posttrial motion. The court concluded "the facts could support the deliberate encounter exception, and as such, it was up to the jury to decide whether that exception applied." That same month, defendant filed a notice of appeal.

¶ 22        This appeal followed.

¶ 23                              II. ANALYSIS

¶ 24          On appeal, defendant argues the circuit court should have ended the litigation at any dispositive stage in this case—summary judgment, directed verdict, or JNOV—by finding, as a matter of law, defendant owed no duty to plaintiff concerning the broken curb because the deliberate encounter exception to the open and obvious doctrine did not apply. Plaintiff disagrees.

¶ 25          As an initial matter, plaintiff challenges our jurisdiction to consider this appeal. Like her argument in her motion to strike, plaintiff argues the motion defendant filed on the day any posttrial motion was due did not constitute an appropriate posttrial motion to extend the time for the filing of a notice of appeal. Defendant, in response, argues the motion it filed on the day any posttrial motion was due was, in substance, an appropriate posttrial motion.

¶ 26          To confer jurisdiction on this court, a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, "or, if a timely posttrial motion directed against the judgment is filed," within 30 days after the entry of the order disposing of such motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A posttrial motion not directed against the judgment does not extend the time to file a notice of appeal. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12. When a notice of appeal is untimely, this court must dismiss the appeal for lack of jurisdiction. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 27          Where a civil case is decided with a jury, section 2-1202(b) of the Code of Civil Procedure (735 ILCS 5/2-1202(b) (West 2024)) governs the requirements for a posttrial motion directed against the judgment. The motion "must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired." *Id.* The relief sought may include JNOV. *Id.* The relief sought may also be in the alternative or conditioned upon the denial of other preferred relief. *Id.*

¶ 28    In this case, we find the motion defendant filed on the day any posttrial motion was due was, although poorly written, a timely posttrial motion directed against the judgment. The substance of the motion shows defendant, in addition to seeking leave to file an oversized brief, was moving for relief pursuant to section 2-1202(b). See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (stating the character of a motion is determined from its content). Indeed, the motion explicitly states defendant "*now moves* pursuant to 735 ILCS 5/2-1202 on four alternative forms of relief, the latter two of which are conditional." (Emphasis added.) The motion further sets forth the four alternative requested forms of relief, including JNOV, and the reasons therefor. While defendant later filed an oversized posttrial motion, that oversized filing was, in effect, a supplement to the previously filed motion directed against the judgment.

¶ 29    Because we find defendant filed a timely posttrial motion directed against the judgment, we also find the notice of appeal filed within 30 days of the disposition of that motion was timely. Therefore, defendant timely appealed the judgment, and we have jurisdiction to consider this appeal. We deny plaintiff's motion to dismiss the appeal, which we previously ordered taken with the case.

¶ 30    Next, plaintiff challenges the procedural context under which defendant pursues its argument on appeal. Plaintiff argues defendant's argument with respect to the denial of its motion for summary judgment is "moot" because the denial merged into the judgment after trial, and, although there is an exception to this principle of merger, defendant forfeited the issue by failing to raise it in its initial brief and, forfeiture aside, the exception is inapplicable. Defendant, in response, argues it sufficiently raised its challenge to the denial of summary judgment in its initial brief and the exception to the merger principle is applicable.

¶ 31    With respect to an appellant's brief, Illinois Supreme Court Rule 341(h)(7) (eff.

Oct. 1, 2020) states, "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Moreover, Rule 341(h)(7) requires the argument section to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities." *Id.* As this court has repeatedly stated, " 'A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research.' " *Elder v. Bryant*, 324 Ill. App. 3d 526, 533 (2001) (quoting *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991)). "Where an appellant fails to present a cogent argument, that argument is forfeited." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 28.

¶ 32        Here, not only do we find defendant failed to adequately present its argument with respect to the denial of its motion for summary judgment, but we also find it failed to adequately present its argument with respect to the denials of its motions for a directed verdict and JNOV. Defendant does not frame its argument within a specific procedural context in its initial brief. Rather, defendant proceeds by explaining why it believes the deliberate encounter exception is inapplicable based upon all the evidence presented before and during trial. When asserting in its reply brief that its initial brief sufficiently raised a challenge to the denial of summary judgment, defendant emphasizes it cited a case, *Bruntjen v. Bethalto Pizza, LLC*, 2014 IL App (5th) 120245, ¶ 32, for the proposition that reviewing courts apply a *de novo* standard of review to denials of motions for summary judgment, a directed verdict, and JNOV. Defendant then explains it cited that case because it arose in the same procedural posture as this case. Citing the standard of review applicable to multiple issues in a case which may have a similar procedural posture is not, however, the type of reasoned argument required by Rule 341(h)(7). To the contrary, it is the type of argument which improperly places the burden of research on this court. While we would be within

our discretion to end this appeal on forfeiture grounds, we elect to address it on the merits.

¶ 33　　　　We first address whether defendant's argument with respect to the denial of its motion for summary judgment is reviewable. The denial of a motion for summary judgment is generally not reviewable after a trial, as any error in the denial is merged into the judgment entered at trial. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 355 (2002). As our supreme court has explained, "The rationale for this rule is that review of the denial order would be unjust to the prevailing party, who obtained a judgment after a more complete presentation of the evidence." *Id.* at 355-56. An exception to this rule is where the issue presented in the motion for summary judgment is a pure question of law not decided by a jury. *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 42. In that situation, the denial of the motion for summary judgment does not merge with the judgment entered after trial. *Id.*

¶ 34　　　　In this case, we find defendant's argument with respect to the denial of its motion for summary judgment is not reviewable. The circuit court denied defendant's motion for summary judgment based upon its conclusion that a factual issue remained with respect to the application of the deliberate encounter exception. See *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008) ("The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine issue of material fact exists."). The matter then proceeded to a trial, where (1) the parties had the opportunity to present evidence on the issue and (2) the jury was instructed to resolve the issue based on the evidence presented. See Illinois Pattern Jury Instruction, Civil, No. 120.09 (2011) ("In order to recover damages, the plaintiff has the burden of proving *** the defendant could reasonably expect that a reasonable person in plaintiff's position, knowing of the condition, would proceed to encounter it because the advantage of doing so outweighs the apparent risk."). Following the jury's deliberations, a verdict was returned and a judgment was entered. Under these

circumstances, we find any error in the denial of defendant's motion for summary judgment merged into the judgment after trial and is not reviewable on appeal.

¶ 35        We, therefore, consider defendant's argument in the procedural context of the denials of defendant's motions for a directed verdict and JNOV, which are undisputedly reviewable. Although made at different times, motions for a directed verdict and motions for JNOV "raise the same questions" and "are governed by the same rules of law." *Maple v. Gustafson*, 151 Ill. 2d 445, 453 n.1 (1992). A directed verdict or JNOV is proper "where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (Internal quotation marks omitted.) *Id.* at 453. When considering a motion for a directed verdict or JNOV, "a court does not weigh evidence nor consider credibility of witnesses; rather, the court only considers the evidence and any inferences therefrom in the light most favorable to the nonmoving party." *Claffey v. Huntley*, 2021 IL App (1st) 191938, ¶ 13. Therefore, the standard for the entry of a directed verdict or JNOV is "a high one" and "is not appropriate if reasonable minds might differ as to inferences or conclusions to be drawn from the facts presented." (Internal quotation marks omitted.) *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 37. Because a motion for a directed verdict or JNOV presents a question of law, our review is *de novo*. *Id.*

¶ 36        When considered in the appropriate procedural context, defendant's argument is that the evidence, considered in the light most favorable to plaintiff, leads to only one possible legal conclusion—that it owed no duty to plaintiff concerning the broken curb because the deliberate encounter exception to the open and obvious doctrine does not apply. It specifically asserts the deliberate encounter exception is inapplicable as a matter of law because the "grass parkway" provided plaintiff a "readily accessible" and "safe" alternative path to her mailbox,

which would only have been a " 'minor inconvenience' " for her to take.

¶ 37        Plaintiff, when responding to defendant's argument, asserts defendant "cannot be heard to now complain" about the denial of JNOV "based on its parkway argument" because defendant did not raise that argument with the jury. Plaintiff does not, however, cite any authority directly supporting her assertion. While it is confounding why defendant did not raise its parkway argument to the jury, especially after plaintiff presented related evidence and argument, we are not convinced defendant's failure to do so precludes it from raising the argument in support of its request for JNOV. As indicated, when considering a motion for JNOV, the focus is on the evidence and any inferences therefrom. In any event, even if we held defendant could not "complain" about the denial of JNOV based on its parkway argument, plaintiff does not dispute defendant could do so with respect to the denial of a directed verdict.

¶ 38        At issue is whether the evidence and inferences therefrom could support the application of the deliberate encounter exception to the open and obvious doctrine. Under the deliberate encounter exception, even where a dangerous condition is open and obvious, "harm may be reasonably anticipated when the possessor 'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' " *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 391 (1998) (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). The "focus" under this exception "is on what the possessor of land anticipates or should anticipate the entrant will do." (Internal quotation marks omitted.) *Lucasey v. Plattner*, 2015 IL App (4th) 140512, ¶ 41. "[L]iability stems from the knowledge of the possessor of the premises, and what the possessor had reason to expect the invitee would do in the face of the hazard." (Internal quotation marks omitted.) *LaFever*, 185 Ill. 2d at 392. "[T]here *** must be some sort of driving force that will

cause a person to encounter the obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." (Emphasis and internal quotation marks omitted.) *Frieden v. Bott*, 2020 IL App (4th) 190232, ¶ 53. Additionally, the availability of reasonable alternative pathways which would amount to no more than a minor inconvenience may render the deliberate encounter exception inapplicable. See *Hastings v. Exline*, 326 Ill. App. 3d 172, 176-77 (2001); *Winters v. MIMG LII Arbors at Eastland, LLC*, 2018 IL App (4th) 170669, ¶¶ 74-76; *Davis v. Advocate Health & Hospitals Corp.*, 2024 IL App (1st) 231396, ¶ 28; *Crespo-Fregoso v. City of Chicago*, 2021 IL App (1st) 200972, ¶ 45.

¶ 39        Defendant, in support of its argument that the evidence could not support the application of the deliberate encounter exception, initially asserts the evidence *established* that the grass parkway provided plaintiff with a reasonable alternative pathway, which would have been no more than a minor inconvenience for her to take. We disagree. In support of its assertion, defendant relies upon evidence presented with its motion for summary judgment, not evidence presented at trial. Defendant does not explain or cite any authority supporting its position that we should consider evidence not presented at trial when reviewing denials of a directed verdict and JNOV. Absent any authority or reasoned argument, we decline to consider said evidence when reviewing denials of a direct verdict and JNOV. The evidence presented at trial does not establish that the grass parkway provided plaintiff with a reasonable alternative pathway which would have been no more than a minor inconvenience for her to take.

¶ 40        Defendant also, in support of its argument, asserts plaintiff failed to present any evidence demonstrating the grass parkway posed anything other than a reasonable alternative route which would have been no more than a minor inconvenience for her to take. We disagree. Plaintiff presented testimony from an expert witness, who explained a path through the grass was not a

reasonable alternative path because "[p]eople like to stay on planar, level surfaces." Despite defendant's claim on appeal, we are not convinced this testimony is so abstract, speculative, or generalized that it cannot be relied upon. Additionally, plaintiff testified traversing the broken curb was the only way for her to get her mail. She indicated proceeding through the grass was not a reasonable pathway because "the grass has little bumps" and she did not want to get her feet wet. Plaintiff presented at least some evidence by which a jury could conclude the grass parkway did not provide a reasonable alternative route which would have been no more than a minor inconvenience for her to take.

¶ 41        As part of its argument, defendant suggests this case is like *Winters*. In *Winters*, 2018 IL App (4th) 170669, ¶¶ 70-82, this court affirmed an award of summary judgment to the defendant where the plaintiff choose to traverse a dangerous condition despite having reasonable alternative pathways which would have been no more than a minor inconvenience for the plaintiff to take. The plaintiff acknowledged the alternative pathways, which were paved surfaces, were an available option. *Id.* ¶¶ 19-20. The plaintiff also presented no evidence suggesting the alternative pathways had their own risks. *Id.* ¶ 75. Unlike in *Winters*, plaintiff presented at least some evidence to suggest the pathway through the grass parkway presented its own risks and was not a reasonable alternative pathway, evidence which was effectively unchallenged by defendant.

¶ 42        Defendant also, in a motion for leave to cite supplemental authority, suggests this case is like *Hertz v. City of Fairbury*, 2025 IL App (4th) 250307-U, a recent unpublished case which was filed after the briefing in this case. In *Hertz*, this court affirmed an award of summary judgment to the defendant where the plaintiff choose to traverse a dangerous condition despite (1) having no sort of driving force which compelled the plaintiff to encounter it and (2) having reasonable alternative pathways which would have been no more than a minor inconvenience for

the plaintiff to take. *Id.* ¶¶ 22-23. With respect to the latter, the plaintiff, like the plaintiff in *Winters*, presented no evidence suggesting the alternative pathways had their own risks. *Id.* ¶ 23. Unlike *Hertz*, defendant has not challenged whether plaintiff was presented with a driving force which would compel her to encounter the dangerous condition, and, as previously indicated, plaintiff presented at least some evidence to suggest the pathway through the grass parkway presented its own risks and was not a reasonable alternative pathway.

¶ 43 Finally, defendant asserts, citing *Marshall v. City of Centralia*, 143 Ill. 2d 1, 10 (1991), "the law tells us that we should expect persons to utilize grass parkways in the specific manner available to [plaintiff] here." (Emphasis omitted.) While the supreme court in *Marshall* observed parkways have historically been used by pedestrians to retrieve their mail (*id.*), that fact, by itself, does not preclude a finding that the grass parkway in this case did not provide plaintiff with a reasonable alternative pathway which would have been no more than a minor inconvenience for her to take. Indeed, the supreme court also observed "[p]edestrians *** cannot assume that parkways are free of defects or undulations ***[;] *** parkways are composed of sod and earth and are therefore more susceptible to weather damage caused by rain and snow." *Id.* at 10-11. Plaintiff, here, testified to the grass having such defects or undulations.

¶ 44 Ultimately, we find the evidence and inferences therefrom, considered in the light most favorable to plaintiff, could support the application of the deliberate encounter exception to the open and obvious doctrine. That is, we find a jury could find defendant should have had reason to expect that a reasonable person in plaintiff's position, knowing of the broken curb, would proceed to encounter it because the advantage of doing so outweighed the apparent risk.

¶ 45 Because the alleged inapplicability of the deliberate encounter exception is the only ground upon which defendant challenges the existence of a duty owed to plaintiff, we end our

review here and conclude defendant was not entitled to a directed verdict or JNOV based upon the absence of a duty owed to plaintiff. See *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 18 (explaining the four factors which guide a duty analysis are "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant"); *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 20 ("Whereas operation of the open and obvious rule negatively impacts the foreseeability and likelihood of injury, application of an exception to the rule positively impacts the foreseeability and likelihood of injury.").

¶ 46                                    III. CONCLUSION

¶ 47            For the reasons stated, we affirm the circuit court's judgment.

¶ 48            Affirmed.